**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERNEST TEKANG TEKANG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-73000

Agency No. A203-710-049

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 9, 2022[**]
Portland, Oregon

Before:  BERZON, TALLMAN, and CHRISTEN, Circuit Judges.

Petitioner Ernest Tekang Tekang, a native and citizen of Cameroon, seeks

review of the Board of Immigration Appeals' (BIA) final order affirming the

Immigration Judge's (IJ) denial of Tekang's application for asylum, withholding of

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection pursuant to the Convention Against Torture (CAT). The BIA affirmed the IJ's adverse credibility finding and denial of Tekang's application. We have jurisdiction to review Tekang's petition for review pursuant to 8 U.S.C. § 1252, and we deny the petition. Because the parties are familiar with the facts, we do not recount them here.

Where, as here, the BIA cited *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), "we review the IJ's decision as if it were the BIA's decision." *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc). The agency's "factual findings are 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Qui v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019) (quoting 8 U.S.C. § 1252(b)(4)(B)), *overruled on other grounds by Alam*, 11 F.4th at 1137.

1. Tekang argues that substantial evidence does not support the agency's adverse credibility finding because the agency's stated reasons were "flawed and, in their totality, did not support" the finding. When assessing an applicant's credibility, the IJ must consider the totality of the circumstances, *Alam*, 11 F.4th at 1135, must provide "a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief," *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002) (quoting *Osorio v. INS*, 99 F.3d 928, 931

(9th Cir. 1996)). Likewise, we "must look to the totality of the circumstances[] and all relevant factors" when we review an IJ's adverse credibility finding. *Alam*, 11 F.4th at 1137 (alteration in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). We also "afford a 'healthy measure of deference to agency credibility determinations,' mindful that 'IJs are in the best position to assess demeanor and other credibility cues'" that we cannot assess on review. *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010)).

Here, the IJ concluded Tekang was not credible because his testimony was generally implausible and lacked corroboration "with instances of evasive and vague responses." The IJ provided several specific, cogent reasons why he reached this conclusion, and nothing in the record suggests the agency failed to consider the totality of Tekang's testimony and evidence, *cf. Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 895 (9th Cir. 2018) ("A general statement that the [agency] considered all the evidence can suffice where nothing in the record indicates a failure to consider all the evidence."). For example, the IJ explained that Tekang testified about "some points in an extremely detailed manner"—such as the fact he remembered that police beat him for thirteen minutes in December 2018—yet his testimony on other points was vague. Tekang could not offer details of the barber

3

shop where he worked, including a description of its size, its layout, and the material from which it was built, despite the barber shop being central to his story. The IJ also concluded that parts of Tekang's testimony were implausible, especially those regarding Tekang's ability to travel through the jungle for four days only two months after he fractured his knee and his decision to reopen his barbershop when warned not to. More specifically, Tekang testified that he reopened the shop to support his family, but he also testified that he began saving money in 2015 to travel to the United States and he was able to come up with $10,000 within a matter of days when he fled to the United States. We conclude that substantial evidence supports the agency's adverse credibility finding.

2. To qualify for asylum or withholding of removal, Tekang bore the burden to demonstrate past persecution and/or a well-founded fear of future persecution. *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b). In light of the agency's adverse credibility finding, Tekang's non-testimonial evidence failed to rehabilitate his credibility or independently establish his eligibility for asylum and withholding of removal. Thus, substantial evidence supports the agency's denial of Tekang's asylum and withholding of removal claims.

As for his CAT claim, Tekang bore the burden to prove it is "more likely than not" that he would be tortured if removed to Cameroon, 8 C.F.R. §

4

1208.16(c)(2), but he only points to his country conditions evidence as support for his claim. Without the benefit of credible testimony, the country condition reports alone do not demonstrate that it is more likely than not that Tekang will be tortured if removed to Cameroon. *Cf. Shrestha*, 590 F.3d at 1048–49. Accordingly, we conclude that substantial evidence supports the agency's denial of Tekang's claim for CAT relief.

**PETITION FOR REVIEW DENIED.**